IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CARLTON RUSSELL GOSSETT,** AIS # 222667, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 15-381-WS-C |
| **ALABAMA DEPARTMENT OF CORRECTIONS,** *et al.*, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

**I. Nature of Proceedings.**

Plaintiff initially filed this action in the United States District Court for the Northern District of Alabama on its complaint form for a § 1983 action. (Doc. 1). Subsequently, this action was transferred to this Court for the Southern District of Alabama due to Atmore Work Center being named as a defendant. (Doc. 2 at 1, Doc. 3). According to the Clerk's Offices in the Southern and Northern Districts, plaintiff did not pay the $400 filing fee or file a motion to proceed *in forma pauperis* when he filed his action, nor did he do so afterwards.

In the complaint, the plaintiff names as defendants, the Alabama Department of Corrections ("ADOC") and Atmore Work Center. (Doc. 1 at 3). The Court notes that plaintiff does not directly say that he was at Atmore Work Center. That deduction can be made by plaintiff naming Atmore Work Center as a defendant, complaining that he was transferred to a more restrictive custody (from a level 2 facility to a level 4 facility), and mentioning that a doctor at nearby Fountain Correctional Facility in Atmore referred him to a hospital[1] for a procedure. (*Id.*).

On April 30, 2015, plaintiff complains that he was given a urinalysis, which was approximately thirty-six hours after he had been sedated at the hospital. (*Id.*). The drug that he was given caused him to fail the urinalysis the next day. (*Id.*). The medical personnel were not aware of this future issue. (*Id.*). As a result of the urinalysis, plaintiff was given a disciplinary for "dirty urine." (*Id.*). Then, he was transported from a level 2 facility to a level 4 facility, which he contends creates a liberty interest.[2] (*Id.*). In addition, plaintiff alleges that the disciplinary creates "a potential problem with the Alabama Board of Pardons and Paroles," as it could cause him not to make parole. (*Id.*). For relief, plaintiff wants to be "restored to [his] latter housing location" and to have his disciplinary "expunged from his institutional file" so it "would not affect [his] parole hearing this year." (*Id.*).

---

[1]   The Court cannot decipher plaintiff's handwriting with respect to the name of the hospital. A Google search did not find a "Biemonett" Hospital, (though it did locate a Piedmont Hospital in Piedmont, Alabama.) However, the city of Bay Minnette, Alabama, which has a hospital, is close to Atmore, Alabama.

[2]   The *Alabama Department of Corrections Male Inmate Handbook* on the ADOC's website, published August 1, 2013, indicates that "Level II is the security level for community work centers and is where most inmates in Minimum-Out are housed" and "Level IV is the security level for the major institutions and houses inmates in Medium and Minimum custody levels." (*Id.* at 7-8, http://www.doc.state.al.us (last visited March 8, 2016)).

**II. Standards of Review Under 28 U.S.C. § 1915A.**

The Court is screening plaintiff's complaint (Doc. 1) under 28 U.S.C. § 1915A. This section provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune f rom such relief.

28 U.S.C. § 1915A(a)&(b). This section provides a screening process for an action filed by a prisoner and does not distinguish between a prisoner who pays the filing fee or who proceeds *in forma pauperis*. *Thompson v. Hicks,* 213 F. App'x 939, 942 (11th Cir.),[3] *cert. denied,* 552 U.S. 994 (2007). Under § 1915A(a), "the district court immediately ha[s] jurisdiction to review the complaint to decide whether it was required to dismiss it[.]" *Cooper v. U.S. Dep't of Treasury, DEA,* 2006 WL 637817, at *2 n.3 (11th Cir. 2006) (unpublished) (rejecting the prisoner's argument that the district court lacked jurisdiction because he had not filed an application to proceed *in forma pauperis*, which the local rule allowed and then provided for the action's dismissal if the application was not filed within thirty days).

Under 28 U.S.C. § 1915A(b), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct.

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

3

1827, 1831-32, 104 L.Ed.2d 338 (1989).[4]  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Section 1915A(b) also provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132

---

[4]  *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statutes, 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.  *See Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.) (§ 1915(e)(2)(B)), *cert. denied*, 534 U.S. 1044 (2001); *Miller v. Donald,* 541 F.3d 1091, 1100 (11th Cir. 2008) (§ 1915A); *Gardner v. Riska*, 444 F. App'x 353, at \*\*2 (11th Cir. 2011) (unpublished) (§ 1915A).

F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.  Analysis.**

    **A.  Defendants Are Not "Persons."**

The disposition of this action is determined by the entities that plaintiff named as defendants, ADOC and Atmore Work Center. (Doc. 1 at 1). "A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a *person* acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added). The State and its arms, however, are not "persons" for the purpose of a § 1983 action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Haywood v. Drown*, 556 U.S. 729, 734 n.4, 129 S.Ct. 2108, 2113 n.4, 173 L.Ed.2d 920 (2009) (affirming the *Will* decision). The defendant ADOC is an arm of the State of Alabama and, therefore, is not a "person" that may be sued under § 1983. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057-58, 57 L.Ed.2d 1114 (1978) (the Alabama Board of Corrections is a part of the State); *see* ALA. CODE § 14-1-1.1 (ADOC is the successor to the Board of Corrections).

Furthermore, defendant ADOC cannot be sued in federal court because it has not waived its Eleventh Amendment immunity. *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding that the State of Alabama and the Board of Corrections were entitled to

Eleventh Amendment immunity).  The Eleventh Amendment's immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent.  *Id.* at 781, 98 S.Ct. at 3057.  The two exceptions to this immunity are if the state has waived its immunity by legislative enactment or if Congress has abrogated the state's immunity.  *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990).  Alabama has not waived its Eleventh Amendment immunity.  *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding Article I, § 14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore the State of Alabama was entitled to Eleventh Amendment immunity); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its Eleventh Amendment immunity); *Hill v. Hale*, ___ F. App'x ___, 2016 WL 556293, at *1 (11th Cir. 2016) (unpublished) (same).  Nor has Congress in § 1983 cases abrogated a state's Eleventh Amendment immunity.  *Carr*, 916 F.2d at 1525 (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)); *Selensky v. Alabama,* 619 F. App'x 846, 849 (11th Cir. 2015) (unpublished) (same).

      Inasmuch as ADOC is not a proper defendant in a § 1983 action, defendant Atmore Work Release is also not a proper defendant.  Atmore Work Release is identified as Atmore Community Work Center on a list of ADOC facilities.  *See* http://www.doc.state.al.us (last visited March 8, 2016).  Because ADOC is one of the State's arms and is not considered a "person" under § 1983, then one of the institutions it operates is likewise not a "person" for § 1983 purposes.  *Will*, 491 U.S. at 70, 109 S.Ct. at 2312.  That is, "a prison facility[] does not enjoy legal status separate from the DOC itself[.]"  *Arps v. Eddie Warrior Corr. Ctr.*, No. CIV-05-892-C, 2006 WL 1451245, at *4 (W.D. Okla. May 18, 2006) (unpublished); *see Scott v. Alabama Dep't of Corr.*, Civil Action No. 09-0590-WS-C, 2010 WL 500429, at *2 (S.D. Ala. 2010) (unpublished) (holding that

ADOC's Fountain Correctional Center does not have a legal existence apart from ADOC and is not a "person" who may be sued under § 1983); *Ansley v. Franks*, No. CV410-176, 2010 WL 4007626, at *2, n.2 (S.D. Ga. 2010) (unpublished) (noting a prison does not have separate legal existence).  In addition, to construe the actual physical structure of Atmore Work Release as a defendant would be futile because it is an inanimate object incapable of acting or "of accepting service of plaintiff's complaints or responding to them," and is therefore not a suable entity.  *Maier v. Wood Cnty. Courthouse*, No. 4:14-cv-75-HSM-SKL, 2007 WL 3165825, at *2 (W.D. Wis. 2007) (unpublished).  Inasmuch as the ADOC is an arm of the State of Alabama, it and its subpart, defendant Atmore Work Release, are not "persons" that may be sued for § 1983 purposes.  Plaintiff's claim against defendant Atmore Work Release is therefore, frivolous as a matter of law.  *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833 (a claim that seeks to enforce a right that clearly does not exist is frivolous because it lacks legal merit and is therefore due to be dismissed).

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915A(b)(1).[5]

---

[5] The Court notes that an alternate basis exists to dismiss this action.  Instead of using one of the statutes that were specifically designed to address prisoner litigation, the Court could have reviewed this action to determine if its subject matter jurisdiction was lacking because the complaint is insubstantial.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998) ("[W]hen the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy," dismissal for want of subject-matter jurisdiction is proper.) (quotation marks omitted).  The present complaint was so lacking in merit not only due to the entities named as defendants, as set out above, but also on account of the underlying substantive claims.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.

---

Plaintiff was not deprived of a liberty interest when he was transferred from work release and returned to an institution; therefore, due process did not attach. The decision in *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), changed the landscape of liberty interests in the prison setting. A liberty interest "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. at 2300. *Sandin* compels the courts to examine the conditions to where an inmate is moved. *Ragland v. Watson*, Civil Action No. 2:05cv251-MEF[WO], 2007 WL 1651107, at *5 (M.D. Ala.), *adopted and modified*, 2007 WL 1651103 (M.D. Ala. 2007) (unpublished). "An inmate removed from a work-release program . . . and transferred to . . . prison does not possess a protected liberty interest in remaining in work release, because confinement within the prison walls constitutes an ordinary incident of prison life. It is not atypical." *Ford v. Alabama Dep't of Corr.*, No. 2:12-CV-657-TMH, 2014 WL 1338501, at *4 (M.D. Ala. 2014) (unpublished) (quotation marks omitted); *Ragland*, 2007 WL 1651107, at *5 (an Alabama inmate's removal from work release and return to an institution did not impose "an atypical and significant hardship on [him] in relation to the ordinary incidents of prison life"). Thus, plaintiff's removal from work release and return to an institution did not violation the Constitution.

Moreover, the transfer of an inmate to another institution even to an institution with more disagreeable conditions does not violate the Constitution. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution," no violation of the Constitution has occurred. *Montanye v. Haymes*, 427 U.S. 236, 243, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). *See Ivory v. Mullins*, No. 2:11cv-953-WHA-SRW, 2014 WL 960989, at *5 (M.D. Ala. 2014) (same), *aff'd, Ivory v. Warden, Governor of Ala.*, 600 F. App'x 670 (11th Cir. 2015). In addition, an Alabama inmate has no liberty interest in parole as Alabama's parole system is completely discretionary. *Villar v. Alabama Dep't of Corr.*, No. 207-CV-134WKW, 2007 WL 1196493, at *2 (M.D. Ala. 2007) (unpublished); *see Thomas v. Sellers*, 691 F.2d 487, 488-89 (11th Cir. 1982) (finding Alabama's parole statute was couched in discretionary terms). Whether a disciplinary affects eligibility for parole is far "too attenuated to infer a liberty interest." *Villar*, 2007 WL 1196493, at *2; *see Sandin*, 515 U.S. at 487, 115 S.Ct. at 2302 (same).

Accordingly, and alternatively, plaintiff's allegations do not establish that he has a substantive claim to support this Court's subject matter jurisdiction.

72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 8th day of March, 2016.

s/ WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

9